J-S71039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MICHAEL CHESTNUT | |
| Appellant | No. 410 EDA 2016 |

Appeal from the PCRA Order January 29, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0002512-2009

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 04, 2016**

Appellant, Michael Chestnut, appeals from the order entered in the Philadelphia County Court of Common Pleas denying his first timely Post Conviction Relief Act[1] ("PCRA") petition without a hearing.[2]  Appellant contends that the PCRA court erred by failing to grant an evidentiary hearing prior to dismissing his petition because his mental health and medication use at the time of his *nolo contendere* plea constituted a disputed issue of material fact.   We affirm.

We glean the relevant facts from the PCRA court opinion and the certified record.  On January 9, 2009, Appellant assaulted J.J., an eleven year-old minor.  Appellant entered a negotiated *nolo contendere* plea on

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that the Commonwealth did not file a brief.

February 3, 2011, to the charges of false imprisonment, unlawful contact with a minor, corruption of minors, terroristic threats, simple assault, and harassment. Sentencing was delayed for the completion of a pre-sentence investigation report, a mental health evaluation, and a Sexual Offenders Assessment Board evaluation. Thereafter, on February 29, 2012, the trial court conducted a Megan's Law hearing and found Appellant to be a sexually violent predator. That same day, the court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment.

Appellant filed a timely direct appeal and this Court affirmed his judgment of sentence on December 21, 2012. *Commonwealth v. Chestnut*, 990 EDA 2012 (Pa. Super. Dec. 21, 2012) (unpublished memorandum). Appellant's petition for allocatur was denied on July 2, 2013. On July 18, 2013, Appellant timely filed a *pro se* PCRA petition. Appointed PCRA counsel ultimately filed an amended petition on July 27, 2014. On December 4, 2015, the PCRA court entered an order stating its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The court dismissed the petition on January 29, 2016, and the instant timely appeal followed.

On appeal, Appellant raises the following issue for review:

> Did the Appellant raise substantial issues of material fact in his PCRA petition that the [PCRA court] should have granted discovery and a psychiatric examination and have held an evidentiary hearing before making a decision on the petition?

Appellant's Brief at 7.

Appellant specifically argues that his mental illness and use of psychiatric medication, at the time of his *nolo contender*e plea, rendered him incapable of entering a knowing, intelligent, and voluntary plea. Therefore, Appellant avers his trial counsel was ineffective for failing to ensure his plea was "voluntary and knowing." Appellant's Brief at 10. Appellant contends that his claims constituted an issue of material fact necessitating an evidentiary hearing. We conclude that no relief is due.

We begin by noting our standard of review:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa. Super.), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted).

Regarding Appellant's request for an evidentiary hearing we note:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation

omitted).

Further, it is axiomatic that claims which have been previously litigated

are not cognizable under the PCRA.  42 Pa.C.S. § 9543(a)(3).  As to claims

of ineffectiveness, it is well settled that

> [c]ounsel is presumed effective, and to rebut that
> presumption, the PCRA petitioner must demonstrate that
> counsel's performance was deficient and that such
> deficiency prejudiced him.  In Pennsylvania, we have
> refined the ***Strickland*** [***v. Washington***, 466 U.S. 668
> (1984)] performance and prejudice test into a three-part
> inquiry.  Thus, to prove counsel ineffective, the petitioner
> must show that: (1) his underlying claim is of arguable
> merit; (2) counsel had no reasonable basis for his action or
> inaction; and (3) the petitioner suffered actual prejudice as
> a result.  If a petitioner fails to prove any of these prongs,
> his claim fails.

***Charleston***, 94 A.3d at 1019 (some citations omitted).

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Linda

Carpenter, we conclude Appellant's issue merits no relief.  The trial court's

opinion comprehensively discusses and properly disposes of the question

presented.  ***See*** Trial Ct. Op. at 2-8 (finding that because this Court, on

direct appeal, concluded that Appellant's *nolo contendere* plea was entered

knowingly, intelligently, and voluntarily after a lengthy colloquy, Appellant's

contentions that trial counsel was ineffective for failing to ensure Appellant's

plea was properly entered and that an evidentiary hearing was necessary to

establish such a claim, lacked merit).  Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/4/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA :
:
v. : CP-51-CR-0002512-2010
:
MICHAEL CHESTNUT :

## OPINION

This Opinion is written in support of this court's January 29, 2016 dismissal of Michael Chestnut's PCRA petition.

## PROCEDURAL HISTORY

On February 3, 2011, petitioner Michael Chestnut ("Chestnut") voluntarily, intelligently, and knowingly entered a nolo contendere plea to the charges of False Imprisonment (F2), Unlawful Contact With a Minor (F3), Corruption of Minors (CMOM) (M1), Terroristic Threats (M1), Simple Assault (M1), and Harassment (S) on bill of information CP-51-CR-0002512-2009. Following the plea, sentencing was deferred for the completion of a Pre-Sentence Investigation Report, a Mental Health Evaluation, and a Sexual Offenders Assessment Board Evaluation. On February 29, 2012, this court conducted a Megan's Law Hearing and determined Chestnut to be a sexually violent predator. Following the hearing, this court accepted the parties' recommended,

negotiated sentence and sentenced Chestnut to an aggregate period of 10–20 years of incarceration in a state facility with credit for time served.[1]

On March 8, 2010, Chestnut filed a notice of appeal to the Superior Court of Pennsylvania and the Court affirmed his convictions and judgment of sentence on December 21, 2012. Chestnut petitioned for *allocatur* to the Supreme Court of Pennsylvania, which the Court denied on July 2, 2013. On July 18, 2013, Chestnut filed the instant PCRA petition. PCRA counsel was appointed and, on July 27, 2014, counsel filed an Amended PCRA Petition. On October 19, 2015, the Commonwealth filed a Motion to Dismiss and the matter was first listed before this Court for decision on December 4, 2015. On December 4, 2015, following a review of the record, this Court sent Chestnut a 907 Notice, pursuant to Pa.R.Crim.P. 907(1). On December 28, 2015, Chestnut filed a Motion to Modify and Reduce Sentence, which this Court reviewed as a response to the 907 Notice. On January 29, 2016, this court dismissed the PCRA petition.

## DISCUSSION

The standard applied when reviewing an order dismissing a PCRA petition is whether the determination of the PCRA court is supported by the record evidence and is free of legal error.[2] The PCRA court's factual determinations are entitled to deference,

---

[1] Chestnut was sentenced to 2.5-5 years of incarceration on the CMOM (M1) charge, 5-10 years of incarceration on the False Imprisonment (F2) charge to run consecutively to the CMOM sentence, and 2.5- 5 years of incarceration on the Unlawful Contact With a Minor (F3) charge to run consecutively to the False Imprisonment sentence. He received no further penalty on the Terroristic Threats (M1), Simple Assault (M1) and Harassment (S) charges.

[2] *Com. v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006).

but its legal determinations are subject to plenary review.[3] The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.[4]

Pursuant to 42 Pa.C.S. 9545(b), a PCRA petition, including second and subsequent petitions, must be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that his claim(s) fall under any of the three enumerated exceptions to the one year requirement. These exceptions are interference by government officials[5], facts unknown and not discoverable by due diligence[6], and newly recognized constitutional rights that apply retroactively[7]. A petition claiming one of these exceptions must be filed within sixty (60) days of the time the claim could have been presented.[8] Further, the Pennsylvania Supreme Court set forth in *Commonwealth v. Fahy*[9] that "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."[10]

In the instant matter, Chestnut's PCRA petition was timely filed and, in conjunction with the Amended Petition, asserted claims of ineffective assistance of counsel. Upon review of the record, the petition, the Amended Petition, and the Commonwealth's Motion to Dismiss, this Court has determined that Chestnut's claims are without merit.

Under the Post-Conviction Relief Act, claims of ineffective assistance of counsel are evaluated pursuant to the three-prong test set forth by the Pennsylvania Supreme

[3] *Com. v. Hawkins*, 894 A.2d 716, 722 (Pa. 2006).
[4] *Com. v. Hart*, 911 A.2d 939, 941 (Pa. Super. 2006).
[5] 42 Pa.C.S. 9545(b)(1)(i).
[6] 42 Pa.C.S. 9545(b)(1)(ii).
[7] 42 Pa.C.S. 9545(b)(1)(iii).
[8] 42 Pa.C.S. 9545(b)(2).
[9] 714 A.2d 214 (Pa. 1999).
[10] *Id.* at 223.

Court in *Commonwealth v. Pierce*[11], using the same standard as when such claims are raised on direct appeal.[12] *Pierce* established that ineffectiveness claims are measured by both counsel's performance and the prejudice suffered by the petitioner.[13] The law presumes counsel to have been effective; thus, the petitioner bears the burden of establishing the following three prongs: first, that the ineffectiveness claim has arguable merit; second, that counsel's act or omission did not have a reasonable basis; and third, that the petitioner suffered prejudice on account of counsel's act or omission.[14] If it is apparent that the prejudice prong has not been met, the first two prongs of the test need not be determined.[15]

In assessing the *Pierce* prongs related to counsel's performance, counsel's error or omission "must have so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place."[16] Counsel inherently has broad discretion to determine the strategy employed, thus a review of counsel's act or omission must determine whether counsel's decisions were reasonably designed to benefit the client.[17] A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.[18]

In assessing the prejudice prong of *Pierce*, the petitioner must prove that he suffered prejudice on account of counsel's decisions. "Prejudice" can be described as

---

[11] 527 A.2d 973 (Pa. 1987).

[12] *Com. v. Kimball*, 724 A.2d 326 (Pa. 1999).

[13] *Com. v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

[14] *Id.; see also Com. v. Breakiron*, 729 A.2d 1088, 1101 (Pa. 1999).

[15] *Com. v. Jones*, 683 A.2d 1181, 1188 (Pa. 1996).

[16] *Com. v. Hawkins*, 894 A.2d 716, 722 (Pa. 2006) (citing *Com. v. Allen*, 732 A.2d 582, 587 n.15 (Pa. 1999).

[17] *Com. v. Fowler*, 670 A.2d 153, 155 (Pa. Super 1996); *Com. v. Polston*, 616 A.2d 669, 677 (Pa. Super 1992).

[18] *Com. v. Howard*, 719 A.2d 233, 237 (Pa. 1998).

whether, but for the arguably ineffective act or omission, there is a reasonable probability that the outcome would have been different.[19]  In other words, the petitioner must establish that counsel's actions prejudiced him to such an extent that a *reliable* determination of guilt was not made at trial.[20]

To establish that a guilty plea was unlawfully induced due to trial counsel's ineffectiveness, the petitioner must show that it was counsel's ineffectiveness that caused him to enter the plea.[21]  Ineffectiveness will provide a basis for withdrawal of the plea *only* where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea.[22]  In determining whether such nexus exists, the court must review the guilty plea hearing with a focus on whether the petitioner was misled or misinformed and acted under that misguided influence when entering the guilty plea.[23]  In order to prevail on a claim that the guilty plea was unlawfully induced, thereby allowing the withdrawal of such plea after sentencing, the petitioner must demonstrate that his plea was the result of "manifest injustice."[24]  To establish manifest injustice, the petitioner must show that his plea was involuntary or was given without knowledge of the charge.[25]  The Comment to Pa.R.Crim.P 590(a)(2) provides, in relevant portion, that a court should make, at a minimum, the following inquiries to determine whether the defendant has voluntarily, knowingly, and intelligently entered a guilty plea:

> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
> (2) Is there a factual basis for the plea?

---

[19] *Com. v. Kimball*, 724 A.2d 326, 330 (Pa. 1999).
[20] *Com. v. Lassen*, 659 A.2d 999, 1011 (Pa. Super 1995).
[21] *Com. v. Lutz*, 424 A.2d 1302, 1305 (Pa. 1981).
[22] *Com. v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993).
[23] *Id.*
[24] *Com. v. Pollard*, 832 A.2d 517, 522 (Pa. Super. 2003); *Com. v. Holbrook*, 629 A.2d 154, 158 (Pa. Super. 1993).
[25] *Id.*

(3) Does the defendant understand that he has the right to trial by jury?
(4) Does the defendant understand that he is presumed innocent until found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?[26]

An assessment of whether the defendant understood the guilty plea and its consequences must be determined by examining the totality of the circumstances.[27]

In the instant matter, this Court initially notes that Chestnut has already litigated the issue of the knowing, intelligent, and voluntary nature of his plea on direct appeal and the Superior Court found his plea to be knowing, intelligent, and voluntary. As such, the issue is not properly raised in the instant petition and any issue of ineffectiveness is necessarily refuted by the Superior Court's findings related to Chestnut's plea. Nonetheless, this Court has chosen to address the merits of Chestnut's claim, as the record makes clear that Chestnut's plea was made voluntarily, knowingly, and intelligently. This court conducted a lengthy colloquy of Chestnut to ensure that he understood the nature of the charges, Chestnut's absolute right to go to trial, what the witnesses would say if called to testify at trial, the mandatory 25–50 year sentence faced by Chestnut if convicted at trial, the negotiated sentence offered by the Commonwealth as part of a nolo contendere plea, and Chestnut's ability to understand the information provided to him by his counsel as well as this court. Chestnut was asked if he understood these points and, in response, Chestnut provided a series of

---

[26] Comment to Pa.R.Crim.P. 590(a)(2).
[27] Com. v. Broadwater, 479 A.2d 526, 531 (Pa.Super. 1984).

voluntary and affirmative responses.[28] Most poignant to the colloquy was the exchange regarding Chestnut's medication and ability to understand, as provided below:

> THE COURT: So I'm just making sure that you can understand what's going on here today, and I feel confident that you do understand what's going on and that you have been able to communicate with the Court in writing before today. Is that right?
> THE DEFENDANT: Yes.
> THE COURT: Okay. Now, as you sit here today, are you under the influence of any drugs or alcohol?
> THE DEFENDANT: I was.
> MR. HOUSTON: He says he's supposed to be or he's taking some type of psychotropic drug, Judge, but it doesn't really inhibit or interfere with his ability to understand.
> THE COURT: Okay. It's just that you do take medications, Mr. Chestnut, but do you understand what's going on here today?
> THE DEFENDANT: Yes.
> THE COURT: Okay. And do you need for either myself or Mr. Houston to explain to you anything in more detail about what it means to plead no contest here today?
> THE DEFENDANT: No, ma'am.[29]
> THE COURT: Okay. Now, is anyone forcing or threatening you to get you to plead no contest today?
> THE DEFENDANT: No, ma'am.

As such, Chestnut is unable to demonstrate that his plea was the result of manifest injustice or that his guilty plea was *caused* by the ineffective assistance of trial counsel. Moreover, Chestnut is unable to show that he was prejudiced by counsel's actions, as he was sentenced to the aggregate *negotiated* 10–20 year period of incarceration, when he faced two charges carrying a 25 year minimum sentence, pursuant to 42 Pa.C.S. § 9718.2. In consideration of the negotiated nature of Chestnut's nolo contendere plea and the colloquy conducted by this court, this court cannot find that counsel provided ineffective assistance to Chestnut nor that the plea was caused by his ineffectiveness.

---

[28] For full text of colloquy, *see* N.T. 2/3/2011 at 22-36.
[29] N.T. 2/3/2011 at 31:4-25; 32:2-9.

## CONCLUSION

Based upon this court's independent review of the record, the petition, and the submissions of counsel, this court concludes that Chestnut's claims lack merit.

_____
Carpenter, J.

First Judicial District of Pennsylvania
Honorable Linda A. Carpenter
1418 Criminal Justice Center
1301 Filbert Street
Philadelphia, PA 19107

Commonwealth v. Michael Chestnut
CP-51-CR-0002512-2009

Date: January 29, 2016

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Defense Counsel/Party:   Michael Chestnut
JW-9464
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

J. Matthew Wolfe, Esq.
4256 Regent Square
Philadelphia, PA 19104

Type of Service: ( ) Personal  ( X ) First Class Mail  ( ) Other, please specify: _____

District Attorney:   Robin Godfrey, Esq.
District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Type of Service: ( ) Personal  ( X ) First Class Mail  ( ) Other, please specify: _____

Janet Brinkman